**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jill Christina Manolian, | No. CV-20-00365-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Don Ray Lytle, et al., | |
| Defendants. | |

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. 23). Plaintiff filed a Response (Doc. 25) and Defendants filed a Reply (Doc. 29). Defendants seek an order dismissing this case and barring Plaintiff from litigating her personal injury claims on the basis of judicial estoppel, arguing that Plaintiff failed to report the potential of this lawsuit to the Chapter 13 Bankruptcy Trustee prior to her discharge in bankruptcy. Plaintiff argues that her failure to report the potential lawsuit as an asset of her bankruptcy estate was a mistake, and thus that the Court should not bar her claims.

**I.    Background**

Plaintiff and her husband (the "Manolians"), through their attorney, filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code on October 1, 2015. (Doc. 23-2). Included with the Petition, the Manolians were required to disclose all of their assets and property on several "Schedules," which are filed along with the Petition. (Doc. 23-3). In "Schedule B" the Manolians were required to list all personal property, which included such items as cash, checking and savings accounts, and household goods, but also required

the Manolians to disclose "contingent and unliquidated claims of every nature." (Doc. 23-2 at 8).

The Manolians' Chapter 13 Plan (the "Plan") was confirmed by the bankruptcy court on April 27, 2016 and their Plan term was to span 43 months. (Doc. 23-5). On November 7, 2017, during the pendency of the Plan, Plaintiff was involved in an accident that gave rise to the current personal injury action. (Doc. 1). Plaintiff seeks general damages, loss of wages, special damages, and other monetary relief arising from severe injuries that cause "pain, suffering, distress, mental and emotional anguish and anxiety, loss of consortium and a general decrease in quality of life." (Doc. 1-3). On August 29, 2019, Chapter 13 Trustee Russell Brown filed a notice informing the bankruptcy court that the Manolians had completed their financial and other requirements under the Plan. (Doc. 23-7). Weeks later, on October 4, 2019, Plaintiff filed the present personal injury action in Maricopa County Superior Court. (Doc. 1). The Manolians' were formally discharged from bankruptcy and were entitled to discharge over $450,000.00 in debt. (Doc. 23-8).

Although they filed amendments to their Schedule I (income) and Schedule J (expenses) during the Plan term, the Manolians did not file any additions, revisions, or other changes to their Schedule B (assets) to account for the potential personal injury action.

**II.     Legal Standards**

In addition to the requirement for debtors proceeding under Chapter 13 of the Bankruptcy Code to file schedules of assets and potential assets, debtors are required to file amended schedules if at any point during the pending of the bankruptcy there are changes to those assets. *See generally* Fed. R. Bankr. P. 1007(b)(1) and 1009(a); *see also Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 784 (9th Cir. 2001). "Among other things, the debtor must disclose any litigation likely to arise in a nonbankruptcy context." *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (internal citations omitted). Moreover, "when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to

amend his schedules or disclosure statements to identify the cause of action as a contingent asset," the debtor is in violation of the principles of the bankruptcy process. *Hamilton*, 270 F.3d at 784.

**III.  Analysis**

Defendants argue that judicial estoppel is proper here and the Court should invoke it to dismiss this action with prejudice. Plaintiff appears to agree with all of the legal standards cited by Defendants, and also does not disagree that she now realizes that this personal injury action should have been disclosed to the bankruptcy court. However, Plaintiff contends that the failure to disclose the potential lawsuit was a simple mistake, and therefore argues that judicial estoppel is not warranted at this time.

In her Affidavit submitted with her Response, Plaintiff states that she doesn't "recall discussing with Mr. Karandreas (her bankruptcy attorney) any potential lawsuits or the requirement to list those on our bankruptcy petition." (Doc. 25-1 at 2). She further states "I recall signing the forms prepared by Mr. Karandreas' office. I also recall them telling me that if any of the information changed, we should let them know," but that she wasn't aware that "potential lawsuits had to be listed or added to a bankruptcy petition." (*Id.*) Her Affidavit concludes by stating:

> Now that I am aware that the lawsuit should have been disclosed to the bankruptcy court, I am willing to take any steps requested by the Court to advise the trustee of this lawsuit. I am willing to request to reopen the bankruptcy proceedings to provide all relevant information to the court and trustee as it was not my intention to withhold this information or mislead the bankruptcy court in any way.

(*Id.* at 3).

The Court appreciates Plaintiff's candor, but also points out that she does not need an Order from this Court to advise the Trustee of the lawsuit or seek to reopen the bankruptcy proceedings to correct her error. Nonetheless, the Court will order that she do so in the interests of justice. Based on Plaintiff's own representations that the failure to disclose the potential lawsuit was a mistake, and in fairness to the Manolian's creditors, she should have the chance to correct that mistake. Rather than determine whether to apply

judicial estoppel at this time, the Court will, in its discretion, give Plaintiff the opportunity to report this matter to the Bankruptcy Court and Trustee and seek to reopen the bankruptcy estate, if appropriate.

Therefore, the Court will deny the Motion for Summary Judgment, without prejudice, and will stay this case. Plaintiff shall provide notice to the Chapter 13 Trustee and the Bankruptcy Court: (1) of the existence of her claims in this lawsuit; (2) that the accident giving rise to her claims occurred during the pendency of the bankruptcy case; and (3) she shall submit to them a copy of this Order. Plaintiff shall provide Notice to the Court on the docket of these items being transmitted to the Trustee and Bankruptcy Court. Plaintiff shall then provide the Court with notice of any decision or action as it relates to the bankruptcy case and keep the Court and Defendants apprised of the status of the case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to for Summary Judgment (Doc. 23) is **denied, without prejudice.**

**IT IS FURTHER ORDERED** that **within 14 days of this Order**, Plaintiff shall provide notice to the Chapter 13 Trustee and Bankruptcy Court of the existence of her claims in this lawsuit, and shall identify that the accident giving rise to her claims occurred during the pendency of the bankruptcy case. Plaintiff shall also provide the Trustee and Bankruptcy Court with a copy of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Notice on this docket certifying the submission of the above information **within 5 days of providing the Notice to the Trustee and Bankruptcy Court**.

…

…

…

…

…

…

1     **IT IS FURTHER ORDERED** that this matter is **stayed**. Plaintiff shall file a status report on the docket every 60 days keeping the Court and Defendants apprised of any changes to the status of the case. Plaintiff shall provide Notice to the Court and Defendants as to any decision or action as it relates to the bankruptcy matter **within 5 days of receiving such information.**

    Dated this 4th day of March, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge