1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9  Jill Christina Manolian,                    No. CV-20-00365-PHX-DJH

10             Plaintiff,                       **ORDER**

11  v.

12  Don Ray Lytle, et al.,

13             Defendants.

14

15         Pending before the Court are Defendants' Motions in Limine (Docs. 71, 73, 74, 75).

16  Plaintiff has responded to each motion (Docs. 80, 81, 82, 83).  The Court now issues its

17  rulings.

18  **I.     LAW**

19         "Although the Federal Rules of Evidence do not explicitly authorize in limine

20  rulings, the practice has developed pursuant to the district court's inherent authority to

21  manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 40 n.4 (1984).  Motions

22  in limine "allow parties to resolve evidentiary disputes ahead of trial, without first having

23  to present potentially prejudicial evidence in front of a jury."  *Brodit v. Cabra*, 350 F.3d

24  985, 1004–05 (9th Cir. 2003) (citations omitted).  However, motions which seek exclusion

25  of broad and unspecific categories of evidence are disfavored.  *See Sperberg v. Goodyear

26  Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  Motions in limine are "entirely

27  within the discretion of the Court."  *Jaynes Corp. v. American Safety Indem. Co.*, 2014 WL

28  1154180, at *1 (D. Nev. March 20, 2014) (citing *Luce*, 469 U.S. at 41–42).  Importantly,

"[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has pass." *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 (9th Cir. 2013), *aff'd*, 135 S. Ct. 907, 190 (2015) (citations omitted).

Motions in limine are "provisional" in nature. *Goodman v. Las Vegas Metro. Police Dep't*, 963 F.Supp.2d 1036 (D. Nev. 2013), *aff'd in part, rev'd in part, and dismissed in part on other grounds,* 613 F. App'x 610 (9th Cir. 2015). Therefore, the Court issues its rulings on motions in limine based on the record currently before it. So, rulings on such motions "'are not binding on the trial judge [who] may always change his [or her] mind during the course of a trial.'" *Id.* (quoting *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) (citing *Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner))). "'Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded.'" *Id.* (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D. Ohio 2004)).

## II.   DISCUSSION

### 1.   Defendants' Motion in Limine No. 1 (Doc. 71); Plaintiff's Response (Doc. 80)

Defendants' Motion in Limine No. 1 seeks to preclude Dr. Abdulhamid from offering his "opinions based on reviewing <u>other</u> medical providers' records and bills." (Doc. 71 at 1–2). Defendants assert that permitting him to so testify morphs him into an expert witness for which no expert witness report was disclosed pursuant to Fed.R.Civ.P. 26(a)(2)(B). (*Id.*) Plaintiff responds that she disclosed Dr. Abdulhamid as her treating physician and that he "should be allowed to testify as to the subject matter on which he is knowledgeable and the information he learned during the course of his treatment of [her]." (Doc. 80 at 2–3). Plaintiff states that Dr. Abdulhamid reviewed diagnostic films and reports in treating Plaintiff. (*Id.*) Plaintiff asserts that pursuant to

Fed.R.Evid. 702, 703, 705, Dr. Abdulhamid may testify as a fact witness and also provide expert testimony.  (*Id*. at 2)  Plaintiff asserts that Fed.R.Civ.P. 26(a)(2)(C) only requires that she provide disclosures as to his proffered testimony, which she claims to have done.  (*Id.*)

Generally, treating physicians may testify as to opinions formed in the course of treatment without having to provide a Rule 26(a)(2)(B) expert report.  However, "when a treating physician morphs into a witness hired to render an expert opinion, that goes beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)."  *Goodman v. Staples The Office Superstore*, LLC,  644 F.3d 817, 819–20 (9th Cir. 2011).  If the treating physician intends to opine on medical matters outside of their treatment, an expert report must be provided.  *See Alsadi v. Intel Corp*., 2020 WL 4035169 (D. Ariz. July 17, 2020) (discussing the Rule 26(a)(2)(C) advisory committee note to 2010 amendment).

Therefore, Dr. Abdulhamid may testify about his course of treatment, and whether he reviewed other providers' medical records and diagnostic films, and whether he formed opinions thereon in providing Plaintiff's  treatment.[1]  However, should Dr. Abdulhamid testify on matters outside of his treatment, such as causation, such testimony is subject to Rule 26(a)(2)(B) reporting requirements.  Such expert report having not been disclosed, he may not express opinions thereon.  Accordingly,

**IT IS ORDERED denying** Defendants' Motion in Limine No. 1 (Doc. 71).

## 2.    Defendants' Motion in Limine No. 2 (Doc. 73); Plaintiff's Response (Doc. 81)

Defendants move to preclude Plaintiff from introducing Defendant Lytle's prior and subsequent unrelated motor vehicle accidents "both before and after the November 2017 accident at issue."  (Doc. 73 at 1).  Defendants state that the motor vehicle accidents are irrelevant and not admissible to prove his character.  (*Id.* at 2).  Moreover, they state that

---

[1] Defendant's Motion includes a reference to Dr, Abdulhamid's review of "bills." The relevance and probative value of his reliance on bills in rendering patient care is unclear.

the probative value of admitting such evidence is outweighed by its prejudicial effect. Plaintiff disagrees, stating that prior similar acts are probative, relevant evidence that is generally admissible to show knowledge or absence of mistake.

Evidence is  relevant if it has the tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action.  Fed.R.Evid. 401.  Though relevant, evidence nonetheless may be excluded if its probative value is substantially outweighed by a danger of causing undue prejudice, confusing the issue, or causing undue delay in presenting the case.  Fed.R.Evid. 403. Furthermore, evidence of one's character, and that he/she acted in conformance with that character trait at a particular time, is not admissible for that purpose.  Fed.R.Evid. 404(b)(1).  Evidence is admissible, however, not to show propensity, but to show knowledge, absence of mistake, or lack of accident.  Fed.R.Evid. 404(b)(2).  To determine whether the other accidents are admissible the Court must consider if 1) there is sufficient proof for a jury to find he committed the other acts; 2) the other accidents are too remote in time; 3) the other accident is introduced to prove a material issue in the case, and 4) the other act is similar to the issue in the case.  *See Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000).

The issues to be tried relates to a motor vehicle accident in which Defendant Lytle was involved and raises questions as to whether Defendant Lytle was negligent, and whether his "negligence, if any, was a cause of the collision."  (Doc. 70-1 at 3).  Defendant Lytle acknowledges that he has been in motor vehicle accidents before and after the November 7, 2017, accident alleged in the Complaint.  However, neither party provides the Court with sufficient details as to when and how these accidents occurred.

The Court thus lacks sufficient information upon which to determine the probative value, if any, of any particular prior or subsequent accident to the claims here.  Thus, at the final pretrial conference, the Court will permit the parties to produce detailed information on each of the accidents they seek to preclude or admit.

**3.     Defendants' Motion in Limine No. 3 (Doc. 74); Plaintiff's Response (Doc. 82)**

Defendants seek an order precluding Plaintiff's claim for lost wages and future lost earnings because she "has not disclosed any computation of these measures of damages." (Doc. 74).  Plaintiff counters that she "does not intend to submit any new evidence of loss [sic] earnings. . . [and she] plans to testify consistent with her testimony about the difficulties she had with her job duties as a result of her injuries . . . and how the computation of her damages was difficult to calculate given her job position."  (Doc. 82 at 2).  She states that she "does not intend to assert a specific amount for loss [sic] earnings" because "her wage loss is from her commissions, which are difficult to calculate as she explained at her Deposition."  (*Id.*)

Plaintiff's Complaint seeks damages including "wage loss."  (Doc. 1-3 at 6). Fed.R.Civ.P.26(a)(1)(A)(iii) states that "a party must . . . provide to the other parties: a computation of each category of damages claimed by the disclosing party – who must also make available for inspection  . . . the documents or ether evidentiary material . . .on what each computation is based[.]"   In support of the Motion, Defendants provide the Court with requests for admissions answered by Plaintiff, and her deposition transcripts.   In answering questions about loss of wages and earnings she states that "Plaintiff is unable to obtain copies of her paystubs, and is instead requesting copies of previous years taxes in order to calculate her lost wages." (Doc. 74-1 at 7).  It is unclear if she produced past tax returns, but Defendants maintain that she did not disclose any lost wages calculation.  (Doc. 74 at 2).  Her admissions regarding loss of future earnings states, "Plaintiff will supplement on receipt of her tax records which will be used to calculate the amount of future earnings lost[.]" (*Id* at 8).  In her deposition, she testified that she would receive commissions of "somewhere around 8 to $1000 a check" and that she could probably obtain access to her pay stubs.  (Doc. 74-2 at 4).  Defendants say she has not provided a computation of her loss of future earnings.

Plaintiff's Response provides additional deposition testimony in which she testified

that she missed "a lot of [work] time" due to the accident, and that she received a reduction in her commissions. Yet nowhere in her deposition does she provide a computation of her lost time or wages. Further, in response to a question about whether her tax returns would shed light on her lost wages, Plaintiff states "I don't know how it could show what I didn't earn." (Doc. 82-1 at 10). Apart from her own testimony, Plaintiff does not explain what evidence she seeks to admit to aid a jury in determining lost wages. So, if, as Defendants claim, she did not produce the requisite computation of lost wages, she is precluded from introducing evidence other than her own testimony to prove those lost wages at trial.

Accordingly,

**IT IS ORDERED granting** Defendants' Motion in Limine No. 3 (Doc. 74).

### 4.     Defendants' Motion in Limine No. 4 (Doc. 75); Plaintiff's Response (Doc. 83)

Defendants seek an order precluding Plaintiff's expert Dan Wall, from testifying because "his expert report does not explain how data was used to reach his opinion" that Defendant Lytle's tractor-trailer was traveling 10 to 13 miles per hour at the moment of impact. (Doc. 75 at 1). Though filed as a motion in limine, Defendants motion is really one to preclude expert testimony and is more properly brought as a *Daubert* motion. *See* Fed.R.Evid. 702, 703 and 704, *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The Court, in its gatekeeper role, must determine whether Mr. Wall's proffered expert testimony is relevant to the issues to be tried, and if it would aid the trier of fact to understand the evidence or determine a fact issue. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Accordingly,

**IT IS ORDERED denying** Defendants' Motion in Limine No. 4 (Doc. 75).

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Defendants may file a *Daubert* Motion relating to the opinion of Mr. Wall within 14 days from the date of this Order.  Plaintiff shall have 14 days after the filing of Defendants' *Daubert* Motion to file a Response.  No reply will be allowed.

Dated this 30th day of June, 2022.

Honorable Diane J. Humetewa
United States District Judge